**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA, : | |
| a/k/a Augustin Garcia, : | |
| : | Civil Action No. 11-0754 (JAP) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| NEW JERSEY STATE PRISON, : | |
| et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

Plaintiff pro se
Agustin Garcia
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**PISANO**, District Judge

   Plaintiff Agustin Garcia, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

   IT APPEARING THAT:

   Plaintiff has submitted a form Complaint and a form Application for leave to proceed in forma pauperis which are out of date, in that they state that the filing fee is $150 and that, if Plaintiff is granted leave to proceed in forma pauperis,

assessments may be withdrawn from Plaintiff's prison account until the $150 filing fee is paid.

To the contrary, the filing fee for a civil action is $350. If Plaintiff is granted leave to proceed in forma pauperis in this action, the Court may enter an Order assessing the $350 filing fee and directing that assessments be withdrawn from Plaintiff's prison account until the $350 filing fee is paid.  See 28 U.S.C. § 1915.

Plaintiff may not have known when he submitted his complaint that he must pay the $350 filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

Based on this potential misunderstanding regarding Plaintiff's liability for the full $350 filing fee, regardless of the outcome of the litigation, the Court will deny without prejudice the application for leave to proceed in forma pauperis.

In addition, Plaintiff submitted his Complaint using a Form to be Used by a Prisoner in Filing a Civil Rights Complaint, which includes a Question Number 2, as follows:

Previously Dismissed Federal Civil Actions or Appeals

> If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Plaintiff left the response to this question blank. In fact, Plaintiff has incurred at least two such "strikes" under § 1915(g). See Garcia v. Ridgefield Police Dept., Civil No. 07-5827 (D.N.J.); Garcia v. Dechan, Civil No. 09-1642 (D.N.J.). In addition, Plaintiff has brought at least three other civil rights actions in forma pauperis, that were decided adversely to him. See Garcia v. New Jersey State Prison, Civil No. 08-5652 (D.N.J.) (all claims dismissed); Garcia v. Bergen County Jail, Civil No. 02-2807 (D.N.J.) (summary judgment for defendants); Garcia v. New Jersey State Prison, Civil No. 05-3159 (D.N.J.) (dismissed for lack of prosecution).

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was

3

dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

At this time, this Court expresses no opinion as to whether the failure to properly answer Question 2 was merely an oversight or a deliberate attempt to mislead the Court. In any event, the Court cautions Plaintiff of the importance of answering Question 2 fully and accurately.

By way of example, Rule 11 of the Federal Rules of Civil Procedure provides that, by presenting any paper to the Court, an unrepresented party:

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; ...

Fed.R.Civ.P. 11(b). On its own, if a court believes a party has violated Rule 11(b), a court may order a party to show cause why its conduct has not violated Rule 11(b) and may, if it finds a violation, impose a sanction sufficient to deter repetition of the conduct, including monetary or nonmonetary sanctions. A court may impose a monetary sanction, for a misrepresentation regarding prior

litigation, against a party that has been granted leave to proceed in forma pauperis. Warren v. Guelker, 29 F.3d 1386 (9th Cir. 1994).

In addition, under certain circumstances, a federal court may dismiss a "malicious" civil action. See, e.g., 28 U.S.C. § 1915(e) (cases filed by persons who have been granted leave to proceed in forma pauperis); 28 U.S.C. § 1915A(b) (cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

A complaint is "malicious" when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. See, e.g., In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981), cert. denied, 450 U.S. 985 (1981). Thus, a complaint is malicious under the referenced statutes if it is repetitive or evidences an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases.

Moreover, it is well established that a court may dismiss a complaint as "malicious" if it seeks to relitigate a previously-litigated claim or if the complaint contains misrepresentations about the plaintiff's other litigation. See, e.g., Nelson v. Paine

Webber Corp., Civil No. 09-315, 2010 WL 1028724 (N.D. Fla. March 18, 2010); Hall v. Rahangdale, Civil No. 09-283, 2009 WL 3028219 (N.D. Fla. Sept. 15, 2009); Marshall v. Florida Dept. of Corrections, Civil No. 08-417, 2009 WL 2351723 (N.D. Fla. July 29, 2009); Williams v. Baxter, Civil No. 08-93, 2008 WL 3049995 (N.D. Fla. July 30, 2008); Starks v. Tanner, Civil No. 06-699, 2006 WL 3210147 (S.D. Ill. 2006); Marshall v. City of Mesquite, Civil No. 03-1508, 2003 WL 21673655 (N.D. Texas 2003)(Report and Recommendation adopted and case dismissed as malicious); Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993) Wilson v. Lynaugh, 878 F.2d 846 (5th Cir.), cert. denied, 493 U.S. 969 (1989).

Dismissal of a complaint as "malicious" counts as a "strike" under 28 U.S.C. § 1915(g); the accumulation of three such "strikes" may prevent a prisoner from proceeding in forma pauperis in the future. Similarly, a federal court has discretionary authority to deny in forma pauperis status based on a prisoner's history of abuse of the privilege, even in the absence of the accumulation of three "strikes." See, e.g., In re McDonald, 489 U.S. 180 (1989); Mitchell v. Federal Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009).

The Court will direct the Clerk of the Court to send Plaintiff a new blank form application for leave to proceed in forma pauperis and a new blank form Complaint. Plaintiff may move to re-open this action by submitting (1) an amended complaint, containing a full

6

and accurate response to Question 2 (or its equivalent) regarding prior litigation, and (2) either (a) a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, certified by the appropriate official of each prison at which the prisoner is or was confined, or (b) the $350 filing fee.

This Court expresses no opinion, at this time, as to whether the claims asserted in the Complaint are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or otherwise.

An appropriate form of Order will be entered.

/s/JOEL A. PISANO
United States District Judge

Dated: February 18, 2011